**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4025

MATTHEW BRYAN MARSHBURN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-99-192, CR-99-193)

Submitted: June 20, 2000

Decided: August 9, 2000

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr.,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Matthew Bryan Marshburn pled guilty to two counts of bank robbery, see 18 U.S.C.A. § 2113(a) (West Supp. 2000), and was sentenced to a term of sixty-six months imprisonment for both offenses. He appeals his sentence, arguing that the district court erred in finding that he had made a threat of death during one or both of the robberies, and in enhancing his sentence pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(B) (1998). We affirm.

The district court's finding that a threat of death was made is reviewed de novo. See United States v. Franks , 183 F.3d 335, 337 (4th Cir. 1999). The commentary to § 2B3.1 currently does not require an express threat of death. The enhancement applies if the defendant "engaged in conduct that would instill in a reasonable person, who is a victim of the offense, a fear of death." USSG § 2B3.1, comment. (n.6).

In Franks, this court held that "the combination of the statements `I have a gun' and `I have nothing to lose' can only be meant to indicate that [the defendant] is both armed and prepared to use his gun." Id. at 338. Marshburn argues that his statements were merely intimidating, and that the district court's ruling blurs the line between a fear for safety and a fear of death. However, Franks equated a fear of being shot with a fear of death, not merely a fear for safety. Marshburn's warnings against sudden moves and, in the first note, his implied threat that someone could be hurt if his demands were not met, combined with the statement that he had a gun, would put a reasonable person in fear of being shot and, thus, in fear of death. Therefore, we find that the district court did not err finding that the enhancement was warranted.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented

2

in the materials before the court and argument would not aid the deci-
sional process.

AFFIRMED